Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER & LISS PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**KYRIÉ GIBSON**,
an individual,

Plaintiff,

v.

**CATALYST SEAFOOD CO INC.**,
a domestic business corporation,

Defendant.

Case No. 1:25-cv-02099

**COMPLAINT**

(29 U.S.C. § 201, ORS 659A.030, ORS 659A.199)

DEMAND FOR JURY TRIAL

**<u>Nature of the Action</u>**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, and attorney fees for herself to redress injuries done to her by Defendant Catalyst Seafood Co Inc. and officers, employees, and/or agents of said Defendant in

contravention of her federally protected rights in violation of the Fair Labor Standards Act, as codified, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and her state protected rights under ORS 659A.030 and ORS 659A.199.

## **Jurisdictional Allegations**

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Medford Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims arose in this judicial district.

## **General Factual Allegations**

4.

At all material times, Defendant Catalyst Seafood Co Inc. was and is a domestic business corporation with its principal place of business in Brookings, Oregon.

5.

Defendant transacted business, including but not limited to hiring and employing Plaintiff, in Brookings, Oregon.

6.

At all material times herein, Plaintiff was domiciled in Brookings, Oregon.

///

///

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

7.

At all material times herein, Plaintiff was supervised by Defendant's management, employees, and/or agents and Plaintiff relied on the actual or apparent authority of Defendant's management, employees, and agents.

8.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to discrimination and harassment on the basis of Plaintiff's age, sex, and/or gender, and retaliated against Plaintiff for reporting unlawful employment practices, including but not limited to a hostile work environment, and evidence she reasonably believed were violations of law, rule, and/or regulation.

## Factual Allegations

9.

Defendant hired Plaintiff as a Restaurant Server and Bartender earning approximately $13.70 per hour plus customer tips. Plaintiff began working for Defendant on or around January 14, 2024.

10.

Plaintiff worked hard for Defendant and was good at her job.

11.

Plaintiff is a 39-year-old woman. On information and belief, the majority of Defendant's front-of- house employees are females between the ages of 18 and 25. On information and belief, all of Defendant's back-of-house employees are male except for Taylor Jones, who is Mr. Jones' wife.

12.

For the duration of Plaintiff's employment with Defendant, Plaintiff, as a front-of-house employee, was required to participate in Defendant's tip-out



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

procedures. Under Defendant's policy, Plaintiff was required to provide a portion of her customer tips to Defendant's Back-of-House Manager, Leland ("Mark") Jones.

13.

During the beginning of her employment, Plaintiff and Mr. Jones maintained a positive working relationship. Mr. Jones seemed appreciative of Plaintiff's work ethic and her ability to operate in a highly efficient manner. However, Mr. Jones' attitude toward Plaintiff soured as time went on when she began taking a more affirmative role advocating for herself and for her coworkers.

14.

During her employment, Plaintiff learned that it is unlawful for a manager to receive customer tips when such tips are not the sole product of the manager's individual labor. As such, Plaintiff had a good faith belief that Defendant's tip-out policy was a violation of law, rule, or regulation. She began sharing this information with other front-of-house staff.

15.

Soon thereafter, Plaintiff was called to meet with Mr. Jones off the restaurant floor. During this meeting, Mr. Jones yelled at Plaintiff and accused her of spreading rumors. Plaintiff understood that Mr. Jones had learned that she had told some front-of-house staff that the tip-out policy was unlawful. She felt attacked and shocked by Mr. Jones' beratement of her. Not wanting to be labeled as a "troublemaker" and desperate to deescalate the situation, Plaintiff feigned ignorance and apologized.

16.

Plaintiff understood that it was management's policy to discipline front-of-house staff who did not adhere to Defendant's tip-out policy. Due to fear of



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

retaliation, Plaintiff continued to tip-out Mr. Jones despite knowing that Defendant's requirement that she tip-out a manager was unlawful.

17.

Plaintiff also understood that Defendant's management expected Plaintiff to conform to gender-based stereotypes and did not like that Plaintiff did not so conform. Specifically, Plaintiff is a confident and assertive woman who was willing to voice her opinion and report her concerns with Defendant's management and policies.

18.

Mr. Jones subsequently began a pattern and practice of being highly critical of Plaintiff's work performance despite having no authority over Plaintiff. Mr. Jones would frequently yell at Plaintiff, insult her abilities, stated that Plaintiff was "the worst," and accused Plaintiff of performing her job duties incorrectly and of attempting to sabotage back-of-house employees. This pattern increasingly intensified throughout the remainder of Plaintiff's employment with Defendant.

19.

This change in Mr. Jones' behavior was consistent with how Plaintiff had witnessed Mr. Jones act towards formerly outspoken and senior female servers.

20.

On information and belief, at least five other female front-of-house employees between the ages of approximately 35 and 40 years have either resigned from their employment or been terminated by Defendant after raising complaints of harassment by Mr. Jones.

21.

Beginning in or around early spring of 2024, Plaintiff began reporting to Front-of-House Manager Mariah Baron that she felt she was being targeted and



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

subjected to harassment by Mr. Jones. Ms. Baron sympathized with Plaintiff but failed to take corrective action to mitigate the hostile working environment to which Plaintiff was being subjected.

22.

On multiple occasions thereafter, Mr. Jones would falsely assert that Defendant's Co-Owner William ("Willy") Goergen had given Mr. Jones the authority to directly manage both front-of-house and back-of-house staff. Mr. Jones used this false assertion of authority to continually target Plaintiff and other front-of-house staff.

23.

Soon after Plaintiff began reporting Mr. Jones' conduct to Ms. Baron, Plaintiff noticed that Defendant's back-of-house employees were taking far longer than usual to prepare meal tickets for Plaintiff's customers. Plaintiff suspected that Mr. Jones had instructed Defendant's back-of-house employees to intentionally delay her meal tickets in retaliation for her reports of his harassing conduct.

24.

In or about spring or summer of 2024, Defendant's Co-Owner Anthony ("Tony") Baron approached Plaintiff while at work. Mr. Baron informed Plaintiff that he had learned of Plaintiff's reports regarding Mr. Jones' harassing conduct and asked Plaintiff to elaborate. Plaintiff informed Mr. Baron that Mr. Jones was targeting her, that he frequently accused her of incorrectly performing her duties, and that he regularly yelled at and/or insulted her.

25.

Plaintiff's report did not seem to surprise or disturb Mr. Baron as he was generally dismissive of Plaintiff's reports. Mr. Baron admitted to Plaintiff that he was aware of similar complaints from other employees, including his own daughter,



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

Ms. Baron. Rather than take steps to remedy Mr. Jones' hostile and harassing conduct, Mr. Baron informed Plaintiff that "this is just how [Mr. Jones] is and it's your turn to deal with him" or words to that effect. Mr. Baron then instructed Plaintiff to "lay low" and "let it pass" or words to that effect.

26.

On or around June 2, 2024, Mr. Jones confronted Plaintiff stating, "what happened last night?" or words to that effect. Plaintiff asked for clarification, and Mr. Jones responded, "we'll talk about it later" or words to that effect.

27.

Toward the end of Plaintiff's shift that day, Mr. Jones aggressively cornered Plaintiff in Defendant's dish room. Mr. Jones accused Plaintiff of having stolen another server's food order the night before. Plaintiff asked for clarification as she was confused by Mr. Jones' accusation. He then informed Plaintiff that a back-of-house employee had reported to him that Plaintiff had taken a plate of steamer clams from the expo window the night before and brought it to her own table.

28.

Plaintiff attempted to explain to Mr. Jones that the clams from the night before were unclaimed and appeared to be extra. She noticed that the clams had been sitting in the expo window for an extended period of time and were beginning to dry out. She then decided to offer the clams to one of her tables to avoid food waste and increase customer satisfaction. Additionally, no server ever reported that a table was missing an order of clams, establishing that they were in fact extra and would have been wasted.

29.

Mr. Jones refused to listen to Plaintiff's explanation and instead began berating her. Mr. Jones accused Plaintiff of "always messing up" and warned her



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

that "we are watching you" or words to that effect. He then informed Plaintiff that her customer meal tickets would be held for extended periods, confirming Plaintiff's suspicions that Mr. Jones was intentionally targeting and attempting to undermine Plaintiff's work performance by holding her tickets. Mr. Jones' hostile confrontation left Plaintiff overwhelmed and she became tearful.

30.

Shortly thereafter, Plaintiff contacted her manager, Ms. Baron, and explained what had occurred. Ms. Baron apologized for the actions of Mr. Jones, reassured Plaintiff that she had made the right decision the night before, and asked Plaintiff how she would like to proceed. Plaintiff requested that Ms. Baron take steps to ensure that Mr. Jones refrains from addressing her in such an inappropriate manner in the future. Plaintiff also requested that Mr. Jones be required to direct his concerns regarding Plaintiff's work performance to her manager, Ms. Baron, rather than to Plaintiff directly.

31.

Despite Ms. Baron's assurances, Mr. Jones' harassing conduct towards Plaintiff persisted for the duration of Plaintiff's employment with Defendant.

32.

Throughout Plaintiff's employment with Defendant, Plaintiff was not allowed to use accrued sick time hours as required by Oregon law. Plaintiff also noticed that Defendant failed to provide written notice to employees of their accrued sick time hours as required by Oregon law. Under Defendant's policy, when an employee needed to miss work due to illness, Defendant required sick employees to find coverage for their shift.

///

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

33.

On information and belief, Defendant encouraged sick employees to report for their scheduled shifts. Sick employees who did not so report could be subjected to disciplinary action by Defendant's management.

34.

On or around August 13, 2024, Plaintiff filed a complaint with the Oregon Bureau of Labor and Industry (hereinafter "BOLI") regarding Defendant's failure to provide and/or notify employees of their right to use accrued sick time hours.

35.

Soon thereafter, on or around August 14, 2024, Plaintiff contacted BOLI to ask that her initial complaint be retracted as Plaintiff feared retaliation from Defendant due to her filing a complaint. BOLI informed Plaintiff that the complaint could not be retracted as information regarding Plaintiff's complaint had already been mailed to Defendant. BOLI advised Plaintiff to contact the Civil Rights Division if Defendant retaliated against her.

36.

In or around late August of 2024, Plaintiff notified a coworker of their right to use accrued sick time hours under Oregon law. In the following days, Plaintiff witnessed said coworker arguing with Mr. Goergen regarding the use of Oregon sick time hours. On information and belief, said coworker was forced to resign from their employment with Defendant shortly thereafter due to disagreements with Defendant's ownership regarding use of sick time.

37.

On or around November 7, 2024, Plaintiff was included in a group text-message consisting of Defendant's employees, managers, and owners. Mr. Jones initiated the group text by accusing Plaintiff and two other front-of-house



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

employees of not tipping him out for prep work he had performed the previous day. Mr. Jones' comments quickly escalated to include additional insults and threats against Plaintiff. Specifically, Mr. Jones stated:

> "Its [*sic*] just the same girls all the time that don't [*sic*] give a shit and think they can just do whatever they want so we will do whatever we want and delay your food till you get it right. Kyrie, Kaylee and Leanne.
> . . .
>
> "Yea its [*sic*] a promise, i [*sic*] will be watching and calling you out i [*sic*] don't care if its [*sic*] a dollar you dont [*sic*] get to decide to tip or not . [*sic*]"

38.

Plaintiff responded in her defense by explaining that her failure to tip out Mr. Jones was an oversight and informing all participants of the group chat that making such accusations in a group forum is "wildly inappropriate." Plaintiff went on to state in part, "If there is an issue with a missing tip, or repeat offenders [*sic*] call them out privately, warn them, write them up, but don't blast people in a group forum falsely accusing them."

39.

Mr. Jones responded to Plaintiff by stating in part:

> "I don't [*sic*] really care about anything you say Kyrie your [*sic*] the biggest problem in this place . [*sic*] You either tip out correctly or i [*sic*] can have talks with you on all your shifts."
> . . .
>
> "Do you have a money problem Kyrie?
> . . .
>
> "How do you even still work here?
> . . .
>
> "Do it again and the same thing will happen but this next time it will be write ups and then fired."

During the chat conversation, Mr. Baron texted, "End chat!" but the texting continued.



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

40.

Plaintiff was deeply troubled by the accusations, insults, and threats made by Mr. Jones against her. Most importantly, Plaintiff could not understand why Defendant's management and owners allowed Mr. Jones to act with such hostility with impunity toward her. Later that same day, Plaintiff texted Mr. Baron stating, "My integrity as a person is important to me and to allow him to falsely accuse me of things and say I'm the worst one and should be fired is absolutely awful. Why do you let him treat us this way?" Mr. Baron did not respond to Plaintiff's text message.

41.

On or about November 11, 2024, Plaintiff submitted a formal written complaint of her grievances and information she believed in good faith to be evidence of Defendant's unlawful employment practices to Defendant's management. Plaintiff specifically detailed instances supporting the following: workplace harassment Plaintiff had been subjected to that created a hostile working environment; management intentionally sabotaged Plaintiff's ability to provide customer service; misrepresentations of authority by Mr. Jones; and Defendant's unlawful requirement that management be tipped out by front-of-house staff.

42.

In her written complaint, Plaintiff detailed specific instances of Mr. Jones' conduct that she believed had created a harassing and hostile work environment. Such instances included:

- Yelling or screaming at servers for minor mistakes, causing emotional distress;
- Escalating disagreements with back-of-house staff, nearly leading to physical altercations;
- Holding food tickets as punishment and instructing back-of-house staff to do the same;



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

- Speaking negatively making false and accusatory statements about servers in person and on employee chat forums; and
- Creating scenes and initiating verbal altercations where employees are being publicly berated in an aggressive, unprofessional, and demeaning manner.

Plaintiff reported her good faith belief that Defendant, as an employer, is required by law to conduct internal investigations when a hostile work environment is alleged and to take steps to rectify the situation.

43.

Plaintiff also detailed specific instances of how Mr. Jones' conduct had caused disruptions of restaurant service and negatively impacted customer experience. Such instances included:

- Holding tickets meant for specific servers, impacting customer satisfaction; and
- Allowing personal stress and anger to affect willingness to fulfill orders.

44.

Plaintiff additionally described that Mr. Jones consistently attempted to misrepresent his level of authority as Back-of-House Manager. Plaintiff wrote: "The kitchen manager has been falsely claiming to be a direct supervisor of waitstaff and refusing to direct issues to the front of house manager. This misrepresentation creates confusion in the chain of command and exacerbates existing tensions."

45.

Plaintiff also specifically reported that Defendant's current practice of mandating waitstaff to tip out Mr. Jones as a manager was in direct violation of Oregon law and federal regulations.

46.

Plaintiff's written complaint included four additional pages of information taken from the U.S. Department of Labor's *Fact Sheet for Tipped Employees Under the Fair Labor Standards Act*. Plaintiff highlighted relevant portions of the



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

information that established the illegality of Defendant's unlawful tip-out policy. Such relevant portions included:

- "An employer may not receive tips from such a pool and may not allow managers and supervisors to receive tips from the pool."
- It is a violation of FLSA when "an employee is required to share tips with a manager or supervisor, regardless of whether the employer takes a tip credit for the tipped employee. An employer who violates FLSA by requiring tipped employees to share their tips with a manager or supervisor may be required to return the tips to the employee and pay the full minimum wage."
- "Regardless of whether they are engaged in tip-producing work, . . . if an employee qualifies as a manager or supervisor, the manager or supervisor cannot keep other employees' tips, including by receiving them from a tip pool or by sharing tips that were based in part on other employees' work and which were collected in a tip jar."

47.

On or around November 12, 2024, Plaintiff received a text message from Mr. Baron stating in part, "We have reviewed your complaint and have decided to end your employment at the Catalyst immediately."

48.

Approximately two days after Plaintiff's termination, on or around November 14, 2024, Defendant changed its tip-out policy to state that "tipping out is not required HOWEVER it is highly suggested and greatly appreciated" or words to that effect.

**<u>First Claim for Relief</u>**

**Fair Labor Standards Act – Wage Claim**

49.

Plaintiff realleges paragraphs 1 through 48 above as fully set forth herein.

50.

Defendant unlawfully required a portion of employee tips to be paid to management in violation of 29 U.S.C. § 203(m)(2)(B).

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

51.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to the amount of any sum of any tip credit taken by the employer and all such tips unlawfully kept by Defendant, plus an equal amount as liquidated damages.

52.

Plaintiff is entitled to prejudgment interest on all wages from the date they became due until paid in full. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993).

53.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to reasonable attorney fees and costs and disbursements.

**<u>Second Claim for Relief</u>**

**ORS 659A.030 – Discrimination**

54.

Plaintiff realleges paragraphs 1 through 53 above as fully set forth herein.

55.

Defendant discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to disparate treatment, micromanaging her performance, subjecting her to a hostile work environment, and/or terminating Plaintiff's employment, on the basis of her sex, gender, and/or age in violation of ORS 659A.030.

56.

As a result of Defendant's discriminatory conduct, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

57.

As a direct and proximate result of Defendant's conduct Plaintiff has suffered and will continue to suffer mental stress, emotional pain, humiliation, inconvenience, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

58.

Defendant's conduct was willful, malicious, and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed for punitive damages in an amount to be determined at trial.

59.

Plaintiff is entitled to recover her costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

60.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under state or federal law.

## **Third Claim for Relief**

## **ORS 659A.030 – Hostile Work Environment**

61.

Plaintiff realleges paragraphs 1 through 60 above as fully set forth herein.

62.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

63.

Plaintiff realleges her damages as stated in paragraphs 56 through 60 above.

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

**<u>Fourth Claim for Relief</u>**

**ORS 659A.030 – Retaliation**

64.

Plaintiff realleges paragraphs 1 through 63 above as fully set forth herein.

65.

Defendant retaliated against Plaintiff in the terms and conditions of her employment due to Plaintiff's engagement in protected activity, including but not limited to Plaintiff's reports of harassment, discrimination, and/or opposing employment practices that constitute violations of federal and state law.

66.

Plaintiff realleges her damages as stated in paragraphs 56 through 60 above.

**<u>Fifth Claim for Relief</u>**

**ORS 659A.199 – Whistleblower Retaliation**

67.

Plaintiff realleges paragraphs 1 through 66 above as fully set forth herein.

68.

Defendant retaliated against Plaintiff in the terms and conditions of her employment in substantial part for her reporting in good faith information Plaintiff believed was evidence of violations of federal and/or state laws, rules, or regulations.

69.

Plaintiff realleges her damages as stated in paragraphs 56 through 60 above.

**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, its owners, officers, employees, and agents from engaging in any employment practice which



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

constitutes unlawful discrimination and/or retaliation under federal and/or state law;

2. Economic damages and future losses to be determined at trial;
3. Non-economic damages to be determined at trial;
4. Liquidated damages to be determined at trial;
5. Pre-judgment and post-judgment interest to be determined at trial;
6. Punitive damages in an amount to be determined at trial;
7. Reasonable costs and attorney fees; and
8. For such other and further relief as the Court may deem just and equitable.

DATED this 11th day of November, 2025.

BAKER & LISS PC

*s/Serena L. Liss*
Aaron W. Baker, OSB No. 922220
Serena L. Liss, OSB No. 154799
Attorneys for Plaintiff



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800